UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MATTHEW D'ALOIA,

                    Plaintiff,

-against-

WATSON, et al.,

                    Defendants.

13 Civ. 9037 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

Plaintiff Matthew D'Aloia ("Plaintiff") commenced this action by complaint filed December 20, 2013, against defendants Sullivan County Correction Officers Meade, Dawson, Staundt, Dowe, Compasso, Matis, B. Yewchuck, Mack, J. Bell, Hoag, Pugh, Bushmann, and Nash; Corporals Marty, Search, Bassett, and Minckler; Sergeants Moyer, Danzer, and Bini; Lieutenant DeVito; Colonel Smith; and Captain Ginty (collectively, "Defendants"). Plaintiff brings the action pursuant to 42 U.S.C. § 1983, alleging that Defendants deprived Plaintiff of his right to be free from cruel and unusual punishment as guaranteed by the Eighth Amendment to the United States Constitution. Plaintiff additionally makes claims of conspiracy to violate his civil rights in violation of 42 U.S.C. § 1985(3); assault and battery; and intentional infliction of emotional distress.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/3/2016

Defendants now move to dismiss the complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[1] For the following reasons, Defendants' motions are DENIED.

## BACKGROUND

All facts are taken from the Complaint and are accepted as true for the purposes of this motion. During high school, Plaintiff was involved in a romantic relationship with the daughter of the late Paul Trust, a well-respected and ranking member of the Sullivan County Sheriff's Department. (Compl., ECF No. 28, ¶ 4.) Because Trust did not approve of Plaintiff, Trust obtained a protective order against Plaintiff by causing his daughter to lie to the authorities. (*Id.* ¶ 5.) Plaintiff's parents relocated the family to North Carolina shortly after this incident, because they believed their son to be unsafe due to the influence of Trust. (*Id.* ¶ 6.)

When Plaintiff returned to Sullivan County on a visit in 2012, he was apprehended by Town of Wallkill Police for allegedly violating the order of protection. (*Id.* ¶ 6.) The Town of Wallkill Police then turned Plaintiff over to officers from Sullivan County Sheriff's Department, who held Plaintiff in the jail in Monticello for approximately five days. (*Id.* ¶¶ 11-12.) Over the course of this confinement, Plaintiff was subject to a number of abuses. (*Id.* ¶¶ 13-18.) The officers beat Plaintiff repeatedly, tied him to a chair for thirty hours without access to a bathroom, sprayed him with burning gas, and denied him food, water, and medical attention. (*Id.*) During the six months after being released from this confinement, Plaintiff was hospitalized

---

[1] Defendants move separately but present largely the same arguments in their motions to dismiss. (*See* Memorandum of Law, ECF No. 45 (on behalf of Defendants Meade, Smith, Ginty, Danzer, Compasso, Moyer, Nash, Matis, Search, and Hoag); Memorandum of Law, ECF No. 48 (on behalf of Defendants Dawson, Staundt, Yewchuck, Mack, Bell, Pugh, Bushman, Marty, Bassett, and Minkler); Memorandum of Law, ECF No. 54 (on behalf of Defendants Dowe, Bini, and DeVito).) Therefore, the Court will consider the motions simultaneously.

at psychiatric facilities more than ten times for post-traumatic stress caused by the abuse. (*Id.* ¶ 43.)

## STANDARD ON A MOTION TO DISMISS

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted, a complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

"When there are well-pleaded factual allegations [in the complaint], a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. The court must thus "take all well-plead factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[ ]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). However, the presumption of truth does not extend to "legal conclusions, and threadbare recitals of the elements of the cause of action." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. 662) (internal quotation marks omitted). A plaintiff must provide "more than labels and conclusions" to show he is entitled to relief. *Twombly*, 550 U.S. at 555.

## DISCUSSION

Defendants move to dismiss on two grounds: (1) Plaintiff's complaint must be dismissed for failure to comply with the Prison Litigation Reform Act ("PLRA"), and (2) Plaintiff's claims

for assault, battery, and intentional infliction of emotional distress must be dismissed because they were not filed within the applicable period of limitations.

  A. *Prison Litigation Reform Act*

  Defendants contend that Plaintiff's complaint should be dismissed because Plaintiff failed to exhaust his administrative remedies as required by the PLRA. Under § 1997(e) of the PLRA, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "The PLRA's exhaustion requirement 'applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.'" *Giano v. Goord*, 380 F.3d 670, 675 (2d Cir. 2004) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)). Based on Section 1997e, Defendants argue Plaintiff's claims cannot survive, because Plaintiff did not follow the grievance procedures of the Sullivan County Jail.

  Importantly, however, Section 1997e applies to "prisoner[s] confined in any jail, prison, or other correctional facility." 42 U.S.C. § 1997e(a). The Second Circuit has made clear that "the relevant time at which a person must be 'a prisoner' within the meaning of the PLRA in order for the Act's restrictions to apply is 'the moment the plaintiff files his complaint.'" *Gibson v. City Municipality of New York*, 692 F.3d 198, 201 (2d Cir. 2012) (citing *Harris v. City of N.Y.*, 607 F.3d 18, 21–22 (2d Cir. 2010)). The question for the Court, therefore, is whether or not Plaintiff was a "prisoner" when he filed his complaint.

  Defendants argue that *Gibson* dealt with a separate section of the PLRA and therefore its holding is inapplicable here. Though *Gibson* referenced the restriction in the PLRA that deals with proceeding *in forma pauperis* (28 U.S.C. § 1915), the same reasoning applies to the

exhaustion requirement in § 1997e. The definitional subsection used in *Gibson* to determine whether a plaintiff qualifies as a prisoner for purposes of the *in forma pauperis* provision—28 U.S.C. § 1915(h)—is identical to the definitional subsection for purposes of the exhaustion requirement—Section 1997e(h). *See* 42 U.S.C. § 1997e(h) ("As used in this section, the term "prisoner" means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.") In fact, the Second Circuit has applied cases discussing the definition of "prisoner" under § 1915 to the § 1997e context. *See DeBoe v. Du Bois,* 503 F. App'x 85, 88 (2d Cir. 2012) ("When determining whether a plaintiff qualifies as a prisoner under 28 U.S.C. § 1915(h), a definitional subsection identical to § 1997e(h), we have recently focused on whether the plaintiff is accused of violating a criminal law.") *See also Antrobus v. Mid-Hudson Forensic Psychiatric Ctr.,* No. 11 CIV. 7411 ALC RLE, 2013 WL 765322, at *2 (S.D.N.Y. Feb. 27, 2013). Thus, in order for the exhaustion requirement to apply, Plaintiff must be a prisoner—i.e., he must be incarcerated or detained—at the time of filing his complaint. *Flemming v. Santamore*, No. 9:15-CV-29 DNH/CFH, 2015 WL 6394560, at *3 (N.D.N.Y. Oct. 21, 2015) ("[t]he statute's clear use of the word "prisoner" forecloses the possibility that its provisions apply to a person who is not incarcerated.). Plaintiff was released from jail on January 7, 2013, and he filed the instant complaint on December 20, 2013. Therefore, the restrictions of the PLRA do not apply to Plaintiff, and his failure to exhaust administrative remedies does not bar the current claims.

    B.  *Assault, Battery and Intentional Infliction of Emotional Distress*

    In his memorandum in opposition to the current motion, Plaintiff voluntarily dismisses the claims for assault, battery, and intentional infliction of emotional distress. (*See* Plaintiff's

Combined Memorandum of Law in Opposition to All Defendants' Motions to Dismiss Pursuant to Rule 12(b)(1) and (6), ECF No. 55, 3.) Therefore, these claims are dismissed pursuant to Fed. R. Civ. Proc. 41(a)(2).

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss are DENIED. Plaintiff's claims of assault, battery, and intentional infliction of emotional distress are dismissed pursuant to Fed. R. Civ. Proc. 41(a)(2). The Court respectfully directs the Clerk to terminate the motions at ECF Nos. 44, 47, and 51. Defendants are directed to file an answer to the Complaint within 30 days of the date of this Order. The parties are further directed to contact U.S. Magistrate Judge Smith to schedule a conference in light of the Court's decision.

Dated: February 3, 2016
       White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge